## Provenson v. Provenson

*David H. Weiner*, for libellant.

CUMMINS, J., August 8, 1946.—This matter comes before the court on exceptions filed to the report of the master in divorce. The libel charges adultery. Respondent did not appear and no testimony was taken in her behalf. Respondent, however, did receive a notice of the master's hearing in the divorce, as evidenced by a return receipt bearing the signature of one Alice Provenson. The master recommended the refusal of the divorce and the dismissal of the libel, due to the inadequacy of the evidence of adultery.

Satisfactory proof was presented to the master of the necessary jurisdictional facts. When it came to the evidence presented to prove adultery on the part of Alice Provenson, respondent, evidence was presented in the form of a complete record, certified by one Henry Reynolds, clerk of the United States District Court for the Middle District of North Carolina. This record, under seal, shows that one Alice Provenson entered a plea of guilty in the presence of two witnesses and the judge to a charge of violation of the May Act.

The information lodged in this case against Alice Provenson was that she, on February 5, 1945, knowingly, wilfully and unlawfully, engaged in prostitution in a restricted area, such area being known as Fort Bragg, North Carolina, an Army camp. The

record further shows that Alice Provenson was placed on probation on March 6, 1945, for a period of two years, and that on June 9, 1945, a capias was issued for Alice Provenson for violation of her probation.

Libellant testified that Alice Provenson named in the above proceeding is his wife and respondent, because some members of the Federal Bureau of Investigation came to his home in Atlasburg, Washington County, Pa., looking for Alice Provenson, and told him and his father about this charge.

The master found as a matter of law that the record of this United States district court, standing alone, was not sufficient proof of adultery by respondent, and for this reason refused to recommend the granting of a divorce. The sole question before us then is: May this evidence be raised to conclusive force in Pennsylvania? It is the policy of this Commonwealth to forbid a divorce based upon an uncorroborated confession of a respondent. The basis of this rule is clearly set forth in Sturgeon on Divorce, 80, sec. 147 (1905), where it is written:

"It is a rule of policy not to found a sentence of divorce on a confession alone, because it may be that such confession is false, and made for the sole purpose of causing a divorce."

In Matchin v. Matchin, 6 Pa. 332, 337, Mr. Chief Justice Gibson said:

"It is a rule of policy, however, not to found a sentence of divorce on confession alone. Yet, where it is full, confidential, reluctant, free from suspicion of collusion, and corroborated by circumstances, it is ranked with the safest proofs."

It seems sensible that one would not plead guilty to the crime of adultery, facing the imposition of a prison sentence or a fine, in order to cause a divorce to occur in the future. The plea of guilt in a criminal action must result in a conviction and proper weight must be given to such a plea. This must be

so where a defendant is safeguarded by the presence of the court and where a defendant is protected against the coercion of his or her spouse: Romano v. Romano, 34 D. & C. 215.

In the case of Tucker v. Tucker, 101 N. J. Eq. 72, the proof of guilt was a record of the conviction of respondent and corespondent on a joint indictment for adultery. Respondent pleaded not guilty and was convicted. Corespondent pleaded guilty. Both were sentenced. Vice Chancellor Backes, decreeing a divorce, said: "The record of conviction is not accepted as *res adjudicata*, but is admissible as persuasive evidence, and is *prima facie* sufficient proof of guilt."

In the case of Stewart v. Stewart, 93 N. J. Eq. 1, 4, one May Stewart was indicted for adultery and was tried. She waived a trial by jury and pleaded guilty. Later, in an action for divorce, her husband, libellant, offered in evidence the record of the criminal proceedings. Chancellor Walker said:

"While it is an inflexible rule in this state that a divorce will not be granted upon the uncorroborated testimony or admission of a party to the suit . . ., yet the admission in a plea of guilty made on arraignment for adultery in a criminal court is made under the sanction of the law and the protection of the judge. It cannot be presumed to be procured by the husband's coercion, . . . nor can it be presumed to have been made through collusion with the other spouse; and this is the more apparent when we know that by interposing such a plea the defendant at once puts himself in the situation of being liable to a sentence of fine or imprisonment, or both. . . .

"The plea of guilty made by the defendant amounts to a conviction of the defendant of the adultery charged."

This modification of the old principle is commented upon in I Freedman on Divorce §201, and a number of cases are cited by that author.

Apparently, our legislature recognized the above rule as early as 1815 in making admissible in divorce proceedings a record of conviction of adultery in divorce actions, and the same rule was followed in The Divorce Law of May 2, 1929, P. L. 1237, sec. 51, 23 PS §51.

If the record of conviction of adultery is admissible, then, clearly, the legislature intended that a conviction of adultery should be sufficient ground for a decree of divorce. And the plea of this respondent, Alice Provenson, standing undenied, as shown by the record introduced by libellant, is an admission of guilt of having had sexual intercourse with soldiers, the names and places being undisclosed, but nevertheless being an admitted act of adultery on her part.

The action here is ex parte. Respondent did not appear and deny the adultery. The record of the criminal action showing a conviction of respondent for the crime of adultery is in evidence. The statute of 1929 makes it admissible. The conviction is not only prima facie evidence but, standing undenied, is conclusive.

Wherefore, the report of the master is therefore disapproved, the exceptions are sustained and the following decree of divorce is granted:

## Decree

And now, August 8, 1946, this case came on to be heard on libel testimony, and it appearing to the court that the statements set forth in the libel are true and correct, and upon consideration thereof by the court, it is ordered, adjudged and decreed that the said James P. Provenson, libellant, be and is hereby divorced and forever separated from the nuptial ties and bonds of matrimony with Alice Provenson, respondent, and the said marriage is hereby ordered, adjudged and decreed to be wholly null and void, and all and every duties, rights and claims, accruing to

either of the said parties in pursuance of said marriage, shall henceforth cease and determine.

All costs taxed in this proceeding for divorce are ordered to be paid by respondent.